FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

JUL 15 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KENNETH STRONG, GDC # 1231819, Plaintiff, | : : : : | CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : | CIVIL ACTION NO. 1:08-CV-1981-TWT |
| UNNAMED DEFENDANT, Defendant. | : : : | |

## OPINION AND ORDER

Plaintiff, Kenneth Strong, an inmate at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. The matter is presently before the Court for a 28 U.S.C. § 1915A review.

### I. 28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or, (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations

AO 72A
(Rev.8/82)

are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States or a federal statute; and (2) the act or omission was committed by a person acting under color of state law. See Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

AO 72A
(Rev.8/82)

## II. Plaintiff's Allegations

Plaintiff alleges that his rights have been violated based on the following: (1) he has been on lock down for ninety days with no hearing; (2) he was in the "hole" with no yard call; (3) he has been denied access to the law library; (4) he has been denied phone access; (5) he has been in the diagnostic unit for seven months; and (6) inmates on suicide watch are not observed every fifteen minutes. Plaintiff does not name a defendant in this action, and he does not specify the relief he seeks here.

## III. Discussion

Plaintiff's conclusory allegations about the conditions at the prison fail to state a claim. While the Constitution does not mandate that prisons be comfortable, Rhodes v. Chapman, 452 U.S. 337, 349 (1981), neither does it permit inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832 (1994). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. Farmer, 511 U.S. at 834. In prison-conditions cases, the necessary state of mind is one of "deliberate indifference." Wilson v. Seiter, 501 U.S. 294, 302 (1991) (general conditions of confinement). "While an

3

inmate 'need not await a tragic event' before seeking relief, Helling v. McKinney, 509 U.S. 25, 33 (1993), he must at the very least show that a condition of his confinement 'pose[s] an unreasonable risk of serious damage to his future health' or safety, id. at 35, 113 S.Ct. at 2481." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).

In the case at bar, Plaintiff has not alleged that any of the conditions about which he complains pose a risk of serious harm to him. See Ford v. DeLoach, No. Civ. A. 03-B-0110-N, 2005 WL 1243346 (M.D. Ala. May 25, 2005) (plaintiff's conclusory allegations regarding conditions of confinement that did not allege any injury or deliberate indifference were insufficient to maintain Eighth Amendment claim). Furthermore, Plaintiff has not asserted that the prison or its officials have been deliberately indifferent to a risk of harm to him posed by these alleged conditions. Accordingly, Plaintiff has failed to state a claim.

Lastly, Plaintiff has failed to state a claim of denial of access to courts or denial of telephone access as he has failed to allege that he has suffered any actual injury as a result of being denied access to the law library or a telephone. See Lewis v. Casey, 518 U.S. 343, 351 (1996) (requiring a showing of actual injury as a constitutional prerequisite to an access to courts claim); Peterkin v. Jeffes, 855 F.2d

AO 72A
(Rev.8/82)

1021, 1041 (3d Cir. 1988) (holding that in order to assert a viable claim of telephone deprivation, an inmate must make some showing of prejudice or actual injury).

IV. Conclusion

Based on the foregoing, **IT IS ORDERED** that the instant action is hereby **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff be granted in forma pauperis status for the purpose of dismissal only.

**IT IS SO ORDERED** this 15 day of July, 2008.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE